IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEVONTE MD KING,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>TOBY SMITH, Police; SARAH JONES, Police; PETE RICKETTS, Governor; and SUSANNE SHORE, Governor Wife,<br><br>　　　　　　Defendants. | 4:21CV3060<br><br><br>**MEMORANDUM AND ORDER** |

　　　Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

　　　Plaintiff is suing two North Platte police officers for allegedly violating his constitutional rights by stopping his vehicle, issuing a traffic citation, placing him under arrest, and conducting a search of the vehicle. Plaintiff also sues the Nebraska Governor and the Governor's wife, in their individual capacities.

### II. APPLICABLE STANDARDS ON INITIAL REVIEW

　　　The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

　　　Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be

dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges that on March 10, 2021, while he was driving his son to school and going to buy groceries, Officers Toby Smith and Sarah Jones "falsified an emergency" for a traffic stop, unlawfully searched his car, and then arrested and jailed him. (Filing 1, pp. 11-12.) From an attachment to the Complaint, it appears Plaintiff was issued a citation for not having proof of ownership, proof of insurance, or an operator's license, and for unlawful display of plates. (Filing 1, p. 9.) Both officers are named as defendants in their individual capacities only.

Plaintiff further alleges an erroneous legal conclusion that "the Governor is responsible for police and for the protection of [*sic*] unlawful misconduct." (Filing 1, p. 12.) For good measure, Plaintiff also names the Governor's wife as a defendant. Plaintiff's claims against these two defendants, who are sued personally, are patently frivolous and will be dismissed with prejudice and without leave to amend.

Plaintiff states in a supplemental filing that he is claiming the defendants violated "my right to property[,] my right to liberty[,] my right to be secure[, and] the right to use the highways." He also claims "false imprisonment" and "extortion." (Filing 6, p. 2.) In his Complaint, Plaintiff cites 18 U.S.C. § 241 and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. (Filing 1, p. 5.)

There is no private right of action under 18 U.S.C. § 241, which is a criminal statute. *See United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998); *Carter v. Muldoon*, No. 8:17CV319, 2018 WL 2049841, at *4 (D. Neb. May 1, 2018). The court is unable to discern on what basis Plaintiff is claiming his rights under the First, Fifth, or Eighth Amendments were violated. Plaintiff's Fourteenth Amendment claim presumably is based on a misguided belief, which he has advanced in other cases, that motor vehicle registration and licensing laws do not apply to him as a "sovereign citizen." *See King v. Turnbull*, No. 4:21CV3003, 2021 WL 1293307, at *2 (D. Neb. Apr. 7, 2021) (dismissing claims as frivolous); *see also Reed v. Hovey*, No. 4:20-CV-3151, 2021 WL 949612, at *2-3 & n. 2 (D. Neb. Mar. 12, 2021) (rejecting theory that a non-commercial motor vehicle need not be registered and that the driver of a non-commercial vehicle need not be licensed). In any event, the court finds nothing in Plaintiff's Complaint, even liberally construed, to support a Fourteenth Amendment claim against the named defendants.

Essentially, Plaintiff is claiming that the defendants violated his rights under the Fourth Amendment, which provides, in part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, …." U.S. Const. amend. IV.

A traffic stop is reasonable under the Fourth Amendment if it is supported by either probable cause or an articulable and reasonable suspicion that a traffic violation has occurred. *United States v. Herrera-Gonzalez*, 474 F.3d 1105, 1109 (8th Cir. 2007). And once a lawful traffic stop is made, a law enforcement officer may request the driver's license and registration, request that the driver step out of the vehicle, request that the driver wait in the patrol car, conduct computer inquiries to determine the validity of the license and registration, conduct computer searches to investigate the driver's criminal history and to determine if the driver has outstanding warrants, and make inquiries as to the motorist's destination and

3

purpose. *Reed*, 2021 WL 949612, at *3 (citing cases). After that, the Fourth Amendment permits a law enforcement officer to make a warrantless arrest if he has probable cause to believe the arrestee has committed an offense—even a minor offense. *Lawyer v. City of Council Bluffs*, 361 F.3d 1099, 1105-06 (8th Cir. 2004); *see also Reed*, 2021 WL 949612, at *3 (under Nebraska law, a law enforcement officer having grounds for an arrest may take the accused into custody when the accused refuses to sign the citation). Once police have arrested a vehicle's occupant, police may take protective custody of the vehicle. *United States v. Petty*, 367 F.3d 1009, 1012 (8th Cir. 2004). Armed with probable cause, law enforcement "may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody." *United States v. Bettis*, 946 F.3d 1024, 1030 (8th Cir. 2020) (quoting *Michigan v. Thomas*, 458 U.S. 259, 261 (1982) (per curiam)). Police may also "inventory the contents of a lawfully impounded vehicle without a warrant or probable cause." *United States v. Dunn*, 928 F.3d 688, 692 (8th Cir. 2019) (quoting *United States v. Taylor*, 636 F.3d 461, 464 (8th Cir. 2011)).

Plaintiff's Complaint does not contain sufficient facts for the court to draw a reasonable inference that Officers Smith and Jones violated Plaintiff's Fourth Amendment rights by initiating a traffic stop, issuing a citation, placing Plaintiff under arrest, or searching Plaintiff's vehicle. In fact, photos attached to Plaintiff's Complaint (Filing 1, p. 14) show that the vehicle he was driving was not displaying proper Nebraska license plates, which was held to be dispositive of the Fourth Amendment claims that were advanced by Plaintiff and his wife in *Reed*. *See* 2021 WL 949612, at *2-4. The court need not consider at this time whether any plausible state-law tort claim is alleged, because the court would decline to exercise supplemental jurisdiction over such claims if the federal claims are dismissed. *See id*., at *5.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2). However, the court on its own motion will give Plaintiff 30 days to file an amended complaint that states a plausible claim for relief. Otherwise, this action will be dismissed.

4

IT IS THEREFORE ORDERED:

1. Plaintiff's claims against Defendants Pete Ricketts and Susanne Shore are dismissed with prejudice and without leave to amend, and said Defendants shall no longer be parties to this action.

2. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: June 7, 2021—amended complaint due.

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 6th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge